J-S10013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL E. WAGNER | : | |
| | : | |
| Appellant | : | No. 1327 MDA 2025 |
| | : | |

Appeal from the PCRA Order Entered September 8, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003844-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:              **FILED: APRIL 13, 2026**

Appellant Carl E. Wagner appeals from the Order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant's counsel, Kristen L. Weisenberger, Esq., has filed a ***Turner***-***Finley***[2] brief and a petition to withdraw as counsel.  After careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

On December 28, 2023, Appellant entered an open guilty plea before the Wellness Court on a charge of Possession With Intent to Deliver cocaine.[3] On September 19, 2024, for reasons not relevant to this appeal, the court

---

[1] 42 Pa.C.S. §§ 9541-46.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[3] 35 Pa.C.S. §780-113(a)(30).

entered an Order removing Appellant from Wellness Court and scheduled sentencing. On November 14, 2024, the court sentenced Appellant to a standard range sentence of 30 to 60 months' incarceration. Appellant did not file a post-sentence motion or a direct appeal. Traci McPate, Esq., from the York County public defender's office represented Appellant following his 2024 conditional acceptance into Wellness Court through his sentencing on November 14, 2024.

On April 28, 2025, Appellant filed a *pro se* PCRA petition. Following the appointment La Tasha C. Williams, Esquire, as counsel, he filed an amended petition claiming that Attorney McPate provided ineffective assistance for failing to file a requested post-sentence motion.

The PCRA court held a hearing on September 8, 2025, at which Appellant and Attorney McPate testified. At the end of the hearing, the PCRA court denied the petition.

Appellant filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement. Then-Attorney Williams filed a response pursuant to Rule 1925(c)(4) indicating that she intended to file a **Turner**/**Finley** brief and to seek withdrawal as counsel. The PCRA court filed a Rule 1925(a) Statement directing this Court to its findings and reasoning contained in the transcript of the September 8, 2025 PCRA hearing. Attorney Williams filed a **Turner**/**Finley** brief and a petition to withdraw. Appellant did not respond.

Following Attorney Williams' election to the Dauphin County Court of Common Pleas, this Court remanded for the appointment of new counsel and directed, *inter alia*,

> Within seven days of appointment, new counsel is DIRECTED to enter their appearance in this Court and to notify this Court, within 14 days of the entry of their appearance, whether they intend to rely on the **Turner**/**Finley** letter-brief filed by prior counsel on November 18, 2025, or file an advocate's brief. If counsel intends to rely on prior counsel's **Turner**/**Finley** letter brief, they are directed to re-file a petition to withdraw as counsel forthwith.

Order, 1/2/26.

The PCRA court appointed Attorney Weisenberger and she responded to this Court's order that she intended to rely on the previously-filed **Turner**/**Finley** brief and would file a petition to withdraw. Response to Order, filed 1/14/26. On January 30, 2026, Attorney Weisenberger filed a petition to withdraw as counsel.[4] Appellant did not file a response to the **Turner**-**Finley** brief or Attorney Weisenberger's petition to withdraw.

---

[4] Attorney Weisenberger's petition to withdraw appears to be erroneously cut and pasted from a different case as it misstates the sentence Appellant received. However, because her letter to Appellant dated January 26, 2026, annexed to her petition, indicates that she re-sent the **Turner**/**Finley** brief to him and properly informed Appellant of his rights to proceed *pro se* or obtain new counsel, we conclude Appellant's rights were not violated due to Attorney Weisenberger's error. **Wrecks**, 931 A.2d at 721. While we understand that an attorney's massive workload can result in hastily-drawn documents, we remind counsel of the obligation set forth in our Rules of Professional Responsibility to review those documents prior to filing to ensure they present accurate information to judicial bodies.

The ***Turner***/***Finley*** brief raises the following issue:

Whether the PCRA Court erred by rejecting Appellant's claim that trial counsel, Traci L. McPate, Esquire, rendered ineffective assistance when she failed to file a requested post-sentence motion for reconsideration of sentence?

***Id.*** at 2.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to ***Turner***/***Finley***, independent review of the record by competent counsel is necessary before this Court shall permit withdrawal on collateral appeal. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by* ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. ***Id.*** The Court then conducts its own independent review of the record to determine if the petition is meritless. ***Id.*** Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Wrecks***, 931 A.2d at 721; s***ee also*** Pa.R.Crim.P. 120(B)(2)(regarding withdrawal of appearance.)

Our review of the record reveals that Appellant's counsel complied with each of the above requirements. Counsel presented a comprehensive review of the issue Appellant sought to raise on appeal and addressed the PCRA

court's analysis where appropriate. ***Turner/Finley*** Br., at 15-18. Based on this analysis, counsel concluded that Appellant's claim is meritless. ***Id***. at 18.

In addition, counsel sent Appellant a copy of the ***Turner/Finley*** brief and her petition to withdraw and advised Appellant of his rights in lieu of representation. Application to Withdraw as Counsel, 11/18/25; Petition to Withdraw as Counsel, 1/30/26. Because counsel has complied with the ***Turner/Finley*** requirements, we will proceed with our analysis of Appellant's claim and independent review of the record.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Id.***

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal

conducting the proceeding lacked jurisdiction. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* at § 9543(a)(3), (a)(4).

Appellant asserts that Attorney McPate provided ineffective assistance for failing to file a post sentence motion when requested. *Turner*/*Finley* Br. at 8. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) "the underlying claim has arguable merit;" (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. *Jarosz*, 152 A.3d at 350. Finally, it is well-settled that counsel is not ineffective for failing to raise a meritless claim. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

Relevant to this appeal, Attorney McPate testified at the PCRA hearing that she informed Appellant of his post-sentence rights, both before he

entered his guilty plea and again prior to sentencing. N.T. PCRA Hr'g, 9/8/25, at 13-14. She stated that Appellant indicated he understood "those rights." *Id.* at 16. She testified that Appellant did not ask her to file a post-sentence motion either verbally or in writing but that she received correspondence from him in January 2025 "inquiring about how much longer he would be in York County Prison before going to SCI." *Id.* at 14. She agreed on cross-examination that "at no point did [Appellant] ask [her] for a post-sentence motion to try and get a sentence that was in the mitigated range[.]" *Id.* at 20.

Appellant testified that he had previously entered guilty pleas "half-a-dozen time . . . in York County," and on one of those cases, in "probably say . . . early 2000," he had asked his counsel to file a post-sentence motion. *Id.* at 27. He acknowledged that following sentencing in this case, Attorney McPate and he had a discussion "on her taking care of [his] appeal rights, post-sentence, reconsideration, modification and she told [him] that she would take care of it." *Id.* He testified that he then said to her, "say no more." *Id.* He acknowledged that he contacted Attorney Pate two months after sentencing because he wanted to get to the SCI to access the law library to prepare an appeal and out of York County jail because he "was still on BAU

status,"[5] in "the hole." ***Id.*** at 27-28; 32-33. Appellant testified that he knew she had heard him ask her to file a post-sentence motion "[b]ecause she said she would take care of it. I said, say no more. And like I said, there was nothing else said about it. Me working with the wellness court wasn't a good thing." ***Id.*** at 28.[6]

The PCRA court did not find Appellant's testimony credible, stating on the record that

> [Appellant] has never been a shrinking violet or a wallflower. He's always been willing to speak up on his own behalf. I believe that had he asked for something, he would have been abundantly clear about that.
>
> * * *
>
> The question is, ultimately, do I believe Attorney McPate or [do] I [] believe [Appellant] as it relates to whether or not she would have filed a motion for reconsideration when he asked for it. I don't believe him. I don't find him to be credible.
>
> * * *

_____

[5] As the PCRA court helpfully noted during the hearing, the "BAU" is the behavioral adjustment unit at the York County prison, colloquially referred to as the hole. ***Id.*** at 33.

[6] Appellant also testified that he had discussed with Attorney Pate his interest in the state drug treatment program and its structure, but stated he could not start the state drug treatment program while still in York County prison, and acknowledged that at the time he wrote to Attorney McPate two months after his sentencing, he was aware that he would be denied entry into the state drug treatment program due to his assault on a staff member of the York County prison the week prior to sentencing. ***Id.*** at 32-34. He also acknowledged that the sentence he received was "pretty close to the low end of standard range." ***Id.*** at 35.

> I find Attorney McPate to be credible. She's an attorney that I've had a long familiarity with, not [just] as a judge but also as a private practitioner. I've never really thought anything of her other than she's professional and does a good job[.]
>
> I don't believe that she would have just out of hand disregarded you, [Appellant]. I just don't buy it. You know, if you had asked —and the other thing about this that kind of folds into it is, if this had gone down the way you said it did, on January 16th, I think you would have said something in that letter, [']hey, you didn't file this motion for me, I asked you to, why didn't you do that?[']
>
> If it went down the way you described it as going down, you would have been speaking out quite vigorously in all likelihood in that letter of January 16 or prior to that[.] . . . I'm not seeing anything in the record today that suggests that that ever occurred. . . . You had the ability to do it. You can write letters to counsel. You did write a letter to counsel. You've always, as I said before, been quite outspoken and when somebody doesn't do something that you want them to do, you will call them out on it. You absolutely will. I'm puzzled as to why you wouldn't have done it about this, if that's really the way it went down.
>
> Ultimately, you know, this is your burden today to prove that this occurred, and as a credibility matter, I resolve that credibility determination in favor of Attorney McPate. I don't believe you did, in fact[,] ever ask her to file a motion for reconsideration.

N.T. PCRA Hr'g at 39, 42-43.

Following our review, we conclude the court's credibility determination is supported by the record and is, therefore, binding on this Court. *Anderson*, 995 A.2d at 1189. We further conclude that the PCRA court's decision is supported by the evidence of record and free from legal error, Accordingly, Appellant's claim merits no relief. Moreover, our independent review reveals no non-frivolous issues. We, thus, grant Attorney Weisenberger's petition to withdraw as counsel and affirm the PCRA court's order.

- 9 -

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/13/2026